(27 Misc. Rep. 140.)

THALMANN et al. v. HOFFMAN HOUSE et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. RECEIVER OF CORPORATION—CERTIFICATE OF INCREASE OF STOCK—FAILURE TO FILE.
  The fact that the certificate showing an increase of stock of a corporation was not filed as required by law is not cause for appointment of a receiver pending a suit against the corporation and its directors for an accounting for the alleged overissue of stock, there being no evidence that the certificate was purposely withheld to accomplish a wrongful purpose.

2. SAME—PLEDGEE OF STOCK—RIGHT TO VOTE.
  The fact that directors, on advice of counsel, refused to permit a pledgee of stock to vote it, though it stood in his name, is not ground for appoint-

ment of a temporary receiver for the corporation pending a proceeding to declare the election of the directors void, the proof failing to show it was done through a corrupt motive.

Suit by Ernest Thalmann and others against the Hoffman House and others. Motion for appointment of temporary receiver denied.

William N. Cohen, W. A. Underwood, and Walter T. Rosen, for plaintiffs.

David McClure, for defendants.

BEEKMAN, J. This action is brought by the plaintiffs, as stockholders of the defendant corporation the Hoffman House, against said corporation and its directors, charging the latter with mismanagement of its affairs and misuse of its funds, and praying for an accounting by them, and that they be adjudged liable to the corporation for their acts. It is further asked that the election of said defendant directors be adjudged void, and set aside, by reason of the unlawful refusal to permit the plaintiffs to vote thereat upon the stock held by them, and also that said directors account to the corporation for what is claimed to have been an overissue of stock to the extent of 550 shares, and that the certificates representing the same be canceled, and declared void. The prayer for judgment also contains a specific request for the appointment of a receiver of the corporation pendente lite, and the usual injunction which naturally accompanies such a receivership. This motion is now made for the appointment of such a receiver. The right of the plaintiffs to maintain any such action as this is questioned on the ground that they are mere pledgees, and are not owners of the stock, although, with the consent of the pledgor, it has been transferred, and now stands upon the books of the corporation in their names. The plaintiffs concede that they are pledgees, but maintain that, as long as the stock stands in their names, they are entitled to all the ordinary rights of stockholders, and, so far as the corporation is concerned, are to be deemed owners of such stock. It is also contended by the defendants that in such an action as this the court has no power to appoint a receiver. It is unnecessary for me to pass upon either contention in view of the conclusion to which I have come,—that, assuming the position taken by the plaintiffs upon these questions to be well founded, still a case is not presented upon the facts which would warrant the court in appointing a temporary receiver of this corporation. The exercise of such a power rests in the wise discretion of the court, and in view of the serious and far-reaching, and sometimes disastrous, consequences of its employment, a litigant invoking such action must make out a clear case of necessity for the remedy in order to protect his interests from imminent and serious injury. Upon him, therefore, rests the burden of satisfying the court by proofs that are clear and convincing that a receiver should be appointed. I have read with care the mass of affidavits which have been submitted on both sides, and have had no difficulty in reaching the conclusion that the plaintiffs have not only failed to establish their position by proofs of the character above mentioned, but that the preponderance of evidence is decidedly with the defendants.

The proofs show that prior to the change in interest in the stock, reflected in the first election of the present board of directors, the finances of the corporation were in a bad condition, and that there had been irregularities in the management of its affairs, which it is unnecessary to characterize. The corporation was deeply in debt, and was always in arrears for rent, taxes, and current expenses for supplies. Under the present management these arrears, amounting to a very large sum, have been paid off, its notes not in dispute are being promptly met as they mature, its bills for running expenses are paid in due course, and the evidence is indisputable that its credit is excellent. It also appears that never since the corporation was organized has the business been as prosperous as during the past year. An effort has been made to show that it is either insolvent or on the verge of insolvency. This is vigorously denied by the defendants. Without going into an analysis of the elaborate figures which are presented, it is sufficient to say that there seems to be a present ability to meet maturing obligations, with a reasonable prospect of a continuance of this condition. The capital stock of the corporation is largely invested in the plant of the hotel which it runs. The value of its assets thus represented must vary according to the point of view from which the matter is considered. As long as the corporation is a going concern, the plant has an earning capacity which largely enhances its value, while, if it is to be sold off in liquidation, the net result, as is almost invariably the case under such conditions, would show an enormous shrinkage upon original cost. Happily for all concerned, including the plaintiffs themselves, the evidence does not fairly support this last contention. Whatever irregularities and mismanagement there have been are substantially chargeable, not to the present board, but to that which existed prior to the year 1898. The defendant directors represent in actual ownership the majority of the stock, for which they have paid large sums of money,—a fact which, assuming that they have no purpose of wrecking the corporation for their own benefit, of which there is no evidence, is a strong guaranty that the business may be safely left in their hands, so far as any interference on the part of the court is concerned, on such an application as this.

There are two other points to which I should refer, namely, the alleged overissue of stock and the refusal of the defendants to permit the plaintiffs to vote upon their stock at the last election of directors. They are material on this motion only in so far as they bear upon the good faith of the defendant directors, and may tend to show the existence of some malign purpose rendering it unsafe and improper to allow them further to exercise control over the corporate affairs. It must be remembered that the court is not now trying the issues in the action, and, according to wholesome practice, should therefore, upon a motion like this, avoid, as far as may be practicable, prejudging the cause on the merits before trial. The relief now asked for is not that for which final judgment is sought. It is merely incidental, and for the preservation of the subject-matter of the action while the litigation is pending; so that the only question which I have to consider here is, may the control and manage-

ment of the affairs of the corporation be safely left with the present directors during the interval which must elapse before the case can be tried? From this point of view alone the questions above referred to will be considered. In the first place, the evidence shows that a meeting of the stockholders was duly called and had, the resolution for the increase of the capital stock required by Stock Corporation Law (Laws 1892, c. 688) § 46, was duly passed, and a certificate stating the matters required by law to be certified was signed, verified, and acknowledged by the chairman and secretary of the meeting. Through some inadvertence, however, this certificate was not filed, as the statute required, until recently, and after the initiation of this motion, when the omission, as the defendants claim, was first discovered. It is contended that the certificate was purposely withheld from filing to accomplish some wrongful purpose. There is, however, no evidence that such was the case. On the contrary, it appears that the capital stock has been always reported by the corporation in its annual reports as it had been increased; that the state tax upon such additional stock had been paid; and that the 550 shares, representing the only part of the increase which has been issued, was paid for, and the money actually used and expended for the legitimate purposes of the corporation. There is absolutely nothing to show either bad faith on the part of the defendants or injury to the corporation in this regard.

The remaining point to be considered is the refusal of the defendants to admit the right of the plaintiffs to vote on the stock standing in their names. The claim made by the defendants in reference to this is that they were advised by their counsel that, as the plaintiffs held the stock only as pledgees, they were not owners in fact of the same, although titularly so on the books of the corporation, and did not, therefore, have the right to vote thereon. The learned counsel for the defendants on the argument maintained that they were correctly so advised. Assuming the question to be one which may be determined in this action, its decision more properly belongs to the trial court, inasmuch as a solution of the legal question involved is not necessary to a determination of this motion. Associated with proof of other acts of misconduct on the part of the defendants, it might be inferred that the real motive in excluding the plaintiffs from voting was a corrupt one, designed to perpetuate their control for purposes inimical to the corporation and the interests of the other stockholders. The proofs, however, fail to disclose sufficient facts to support such a conclusion, and, in the absence of such support, the defendant directors are entitled to the benefit of the presumption of good faith which rests upon the professional advice which they received. For the reasons which I have given, I think it is quite clear that the plaintiffs have not made out a case for a temporary receiver, and the motion is accordingly denied, with $10 costs.

Motion denied, with $10 costs.